IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID APONTE-MIRANDA,

Plaintiff

v.                                           CIVIL 04-1010 (DRD)

SENSORMATIC ELECTRONICS CORP.
and its insurance carrier A,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.

This matter is before the court on unopposed motion for summary judgment filed on May 6, 2005 by defendant Sensormatic Electronics Corp. (Docket No. 19.) The case was referred to me for report an recommendation on November 14, 2005. (Docket No. 24.)

Having considered the arguments of the defendant, the evidence in the record (particularly as detailed in the statement of uncontested facts (Docket No. 20) and the applicable law, I recommend that the defendant's motion for summary judgment be GRANTED and that the complaint be dismissed.

II.

The factual background, recited in the light most favorable to the plaintiff, is taken from the complaint and from the statement of uncontested facts submitted by the defendant. Plaintiff, a resident of Aguadilla, Puerto Rico, worked for the defendant as an electronic technician since 1999. (Docket No. 20, ¶ 1.) He paid

CIVIL04-1010 (DRD)                                2

premiums for long term disability insurance. The defendant allegedly received payments but did not make appropriate arrangements for payment to the insurance company. Therefore, the insurance company refused payment to plaintiff at the time he became disabled. Plaintiff thus argues that the defendant incurred in negligence and that as a result, plaintiff received no income.

TYCO International (US), Inc. maintains a Long Term Disability Plan ("LTD Plan") for all of its employees, including its affiliated companies in Puerto Rico. (Docket No. 20, ¶ 2.) According to the terms of LTD Plan, a participant such as Aponte is provided with loss of income protection if he becomes disabled from a covered accidental bodily injury, or sickness. (Docket No. 20, ¶ 3.) The LTD Plan is a comprehensive group plan that is administered by the plan administrator, TYCO, International (US), Inc., with benefits provided in accordance with the provisions of the group plan. (Docket No. 20, ¶ 4.)

On March 27, 2002, plaintiff ceased to work due to a temporary lay-off. (Docket No. 20, ¶ 5.) His last day of work was March 26, 2002, after which he never returned to work. (Docket No. 20, ¶ 6.) On April 29, 2002, plaintiff's treating physician completed paperwork regarding plaintiff's inability to work as of that date. Plaintiff informed Sensormatic that during the lay-off period, he had begun to experience pain in his left leg. (Docket No. 20, ¶ 7.) On October 2, 2002, Sensormatic notified plaintiff of his right to submit a Long Term Disability claim. (Docket No. 20, ¶ 8.) In November, 2002, plaintiff applied for long term disability

CIVIL 04-1010 (DRD)                              3

benefits pursuant to TYCO's LTD Plan. (Docket No. 20, ¶ 9.) Plaintiff's LTD claim was submitted to Hartford Life Insurance Company under policy No. GLT 206835. (Docket No. 20, ¶ 10.) LTD coverage under the Hartford policy had become effective for Sensormatic employees on April 1, 2002. (Docket No. 20, ¶ 11.) On May 7, 2003, Hartford Life denied plaintiff's request for LTD benefits and informed him that pursuant to ERISA he could appeal the decision. (Docket No. 20, ¶ 12.) Hartford Life denied coverage under the LTD Plan because plaintiff never became insured under the policy since he was not actively at work on the coverage effective date, April 1, 2002, nor at any time thereafter. (Docket No. 20, ¶ 13.) Hartford rejected continuing coverage from the previous LTD policy because plaintiff was not an active employee the day before Hartford's policy became effective, as required by the terms of the policy. (Docket No. 20, ¶ 14.) On July 17, 2003, Hartford denied plaintiff's appeal of the denial of LTD benefits. (Docket No. 20, ¶ 15.) The Summary Plan Description (SPD) of the LTD Plan states that TYCO is the plan administrator and sponsor for the LTD Plan. (Docket No. 20, ¶ 16.) Hartford has the exclusive discretionary right to interpret the terms and provisions of the LTD Plan. (Docket No. 20, ¶ 17.)

Plaintiff originally brought a lawsuit in the Puerto Rico Court of First Instance, Aguadilla Division, and the case was removed under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (hereinafter "ERISA"). The defendant removed the case to this court pursuant to 28 U.S.C. § 1446. (Docket No.

CIVIL 04-1010 (DRD)                                    4

1.) The defendant now moves for summary judgment claiming that the decision to deny plaintiff's Long Term Disability benefits claim was neither capricious nor arbitrary, and should thus be upheld by the court. In the alternative, the defendant seeks dismissal of the complaint because Sensormatic is not a proper party defendant to this action.

In considering the motion for summary judgment, the court must view the facts in light most hospitable to the nonmoving party, drawing all reasonable inferences in that party's favor. Patterson v. Patterson, 306 F.3d 1156, 1157 (1st Cir. 2002). A fact is considered material if it has the potential to affect the outcome of the case under applicable law. Nereida-González v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

The Supreme Court has established the appropriate standard for reviewing the denial of ERISA benefits. In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Court stated that the standard of review depends upon whether "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." If such a grant of discretionary authority exists, the denial of ERISA benefits must be examined under the deferential "arbitrary and capricious" standard of review. Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998); Recupero v. New Eng. Tel. & Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997). Otherwise, the standard of review is de novo. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. at 115; Rodríguez-Abreu v. Chase

CIVIL 04-1010 (DRD)                              5

Manhattan Bank N.A., 986 F.2d 580, 583 (1st Cir. 1993). Therefore, the court must look at the text of the employee benefit plan at issue and decide whether the provisions of said plan reflect a clear grant of discretionary authority to decide eligibility for benefits or to interpret the terms of the Plan. The LTD Plan, at page 16, states the following:

> Who interprets policy terms and conditions?
> We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy.

(Docket No. 20, Statement of Uncontested Facts, Ex. A, Attach. 2, at 17.)

The language of the Plan itself reveals that the grant of discretionary authority to the plan administrator to make eligibility determinations and to construe the terms of the Plan is clear and express. Thus, the deferential arbitrary and capricious standard is the appropriate standard for analyzing Aponte's ERISA claims.

The arbitrary and capricious standard requires that the court "ask whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits." Twomey v. Delta Airlines Pilots Pension Plan, 328 F.3d 27, 31 (1st Cir. 2003) (quoting Leahy v. Raytheon Co., 315 F.3d 11, 18 (1st Cir. 2002)).

CIVIL04-1010 (DRD)                6

The First Circuit in <u>Leahy v. Raytheon</u>, discussed what it described as a "dichotomy" between the summary judgment standard and the arbitrary and capricious standard. <u>Id.</u> It observed that while "[t]he degree of deference owed to a plan fiduciary is an underlying legal issue that remains the same through all stages of federal adjudication[, the] summary judgment is a procedural device designed to screen out cases that present no trialworthy issues." <u>Id.</u> (citations omitted). It was further noted,

> In an ERISA benefit denial case, trial is usually not an option: in a very real sense, the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary. No jury is involved.

<u>Id.</u> at 17-18. (citations and footnote omitted). Thus, <u>Leahy v. Raytheon</u> teaches that it is irrelevant that a motion for summary judgment is the procedural vehicle through which the parties request judicial review of the administrator's determination. The court must accord due deference to the findings of the plan administrator and cannot independently weigh the proof. <u>Id.</u> Consequently, review is not aimed at deciding whether there is a genuine issue of material fact, but at determining as a matter of law, whether the plan administrator acted arbitrarily and capriciously in terminating plaintiff's benefits.

The administrator's decision will be upheld if it is reasoned and based on substantial evidence. <u>Gannon v. Metro. Life Ins. Co.</u>, 360 F.3d 211, 213 (1st Cir.

CIVIL04-1010 (DRD)                              7

2004) (citing <u>Vlass v. Raytheon Employee Disability Trust</u>, 244 F.3d 27, 30 (1st Cir. 2001)). Substantial evidence is, in turn, evidence that is sufficient to support a conclusion. <u>Id.</u> The existence of contrary evidence does not, in itself, make the decision of the administrator arbitrary. <u>Id.</u>

Under the arbitrary and capricious standard, the review for reasonableness must be made on the record that was before the plan administrator or fiduciary. <u>See</u> <u>Cook v. Liberty Life Assurance Co. of Boston</u>, 320 F.3d 11, 19 (1st Cir. 2003) (quoting <u>Mitchell v. Eastman Kodak Co.</u>, 113 F.3d 433, 440 (3d Cir. 1997)) ("[T]he 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed.").

The issue before the court is whether the decision to deny Aponte's LTD benefits was arbitrary and capricious.[1] The question a reviewing court faces "is 'not which side [the court] believe[s] is right, but whether [the insurer] had substantial evidentiary grounds for a reasonable decision in its favor.'" <u>Brigham v. Sun Life of Canada</u>, 317 F.3d 72, 85 (1st Cir. 2003) (quoting <u>Doyle v. Paul Revere Life Ins. Co.</u>, 144 F.3d 181, 184 (1st Cir. 1998)).

The Hartford Life Insurance Policy became effective on April 1, 2002, a date when plaintiff was not actually working at Sensormatic. Plaintiff last worked at

---

[1] Plaintiff has made a claim for damages under Puerto Rico law that appears in the complaint and must be dismissed insofar as it is preempted by ERISA. Since any request for damages under Puerto Rico law is intimately related to the claim for LTD benefits, the state-law claim is preempted.

CIVIL 04-1010 (DRD) 8

Sensormatic on March 26, 2002. (Docket No. 20, Statement of Uncontested Facts, Attach. 5, Ex. D at 2, Attach. 6, Ex. E at 2.) Plaintiff was not eligible for coverage until the later of the plan effective date or the date plaintiff completed the eligibility waiting period. (Id.) To be eligible for coverage, plaintiff had to be an active full-time employee working at least 30 hours a week. This option did not apply to plaintiff since he never became a full-time employee after April 1, 2002. (Docket No. 20, Statement of Uncontested Facts, Attach. 6, Ex. E at 2.)[2]

I find that the decision to deny Aponte's LTD benefits must be upheld inasmuch as it is supported by substantial evidence in the record and because said decision was well within the discretion of the Plan Administrator.

### III.

This court has exclusive jurisdiction over the subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), in that the complaint involves the rights and obligations of the parties under an employee welfare benefit plan regulated by ERISA. See Carpenters Local Union No. 26 v. United States Fidelity & Guar. Co., 215 F.3d 136, 139 (1st Cir. 2000); Am. Airlines, Inc. v. Cardoza-Rodríguez, 133 F.3d 111, 115 n.1 (1st Cir. 1998); Metro. Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 277 (D.P.R. 2002). ERISA's preemption clause specifies, in pertinent part, that the provisions of ERISA "supersede any and all State laws insofar as they may now

---

[2] Plaintiff apparently paid premiums for the LTD Plan after he was laid off but since he was not eligible for coverage, the premiums should have been or should be refunded. (Docket No. 20, Statement of Uncontested Facts, Attach. 9, Ex. H at 2.)

CIVIL 04-1010 (DRD)                              9

or hereafter relate to any employee benefit plan. . . ." ERISA § 514(a), 29 U.S.C. § 1144(a); Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1217 (5th Cir. 1992); Admin. Comm. for the H.E.B. Inv. & Ret. Plan & the H.E.B. Inv. & Ret. Plan v. Harris, 217 F. Supp. 2d 759, 761 (E.D. Tex. 2002). The Supreme Court has repeatedly stressed that this "relate to" standard must be interpreted expansively, and that the words are to be given their "broad common-sense meaning." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). Because the subject matter is preempted by ERISA, Sensormatic is not a proper party and the state law cause of action should be dismissed on independent grounds.

IV.

In view of the above, I recommend that the motion for summary judgment be GRANTED in its entirety.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of

CIVIL04-1010 (DRD)                              10

Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 29th day of November, 2005.

S/ JUSTO ARENAS
Chief United States Magistrate Judge