## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**DAVID APONTE-MIRANDA,**
**Plaintiff**

**v.**                                                    **CIVIL NO. 04-1010(DRD)**

**SENSORMATIC ELECTRONICS**
**CORP., et als.,**
**Defendants**

### OPINION AND ORDER

Pending before the Court is the co-defendants' *Motion for Summary Judgment* (Docket No. 19) moving the Court to grant their request and dismiss plaintiff's complaint against the appearing co-defendants.  Co-defendants sustain that summary disposition is warranted because the decision to deny plaintiff's Long Term Disability benefits claim was neither capricious nor arbitrary hence said decision should be upheld by the Court, and/or in the alternative, co-defendant Sensormatic sustains that it is not a proper party defendant to this action.  For the reasons stated herein, the Court hereby **ADOPTS** *in toto* the Magistrate Judge's Report and Recommendation ( R & R) (Docket No. 25) and hereby **GRANTS** co-defendants' *Motion for Summary Judgment* (Docket No. 19).

### UNOPPOSED REPORT AND RECOMMENDATION STANDARD

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections **within ten (10) days after being served a copy thereof**. See Local Rule 510.2(A); Fed. R. Civ. P. 72(b).

In the instant case, the R & R correctly and clearly points out that any objections to the MRR must have been filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1).  Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2.  "Failure to file objections within the specified time waives the right to appeal the

District Court's order."  Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).  "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985).  Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992).  See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").  See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R & R have been filed in this case. Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept the unopposed R & R. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

## FACTUAL BACKGROUND

The facts from the case are taken strictly from the R & R as found by the Magistrate Judge since plaintiff failed to file an opposition to co-defendants' motion for summary judgment, and further failed to submit its opposition to the Magistrate Judge's R & R.  Plaintiff worked for co-

defendant as an electronic technician since 1999, and paid premiums for Long Term Disability Insurance (LTD). In its complaint, plaintiff alleged that although premiums for LTD were paid to its employer, proper arrangements were not make to forward payment to the insurance company. Consequently, the insurance company refused payment to plaintiff at the time he became disabled and plaintiff argued that due to Sensormatic's negligence he received no income.

The facts to the complaint reveals that TYCO International (US), Inc. (TYCO), maintains an LTD Plan for all its employees, including its affiliated companies in Puerto Rico. The funding of the LTD Plan was not made by defendant, Sensormatic Electronics Corp. TYCO is the LTD Plan's administrator and sponsor, and benefits are provided pursuant with the provisions contained therein. According to the terms of the LTD Plan, participants are provided with loss of income protection should said participant becomes disabled from a covered accidental bodily injury, or sickness.

Further, on March 27, 2002, plaintiff ceased to work for co-defendant as a result of a temporary lay-off, being his last day of work, March 26, 2002, after which he never returned back to work. Shortly thereafter, on April 29, 2002, paperwork relating to plaintiff's inability to work, as of that date, was completed by his treating physician, and plaintiff informed Sensormatic that during his lay-off period he had begun experiencing pain in his left leg. Then, Sensormatic notified plaintiff of his right to submit a claim under the LTD Plan.

On November 2002, plaintiff submitted its LTD claim to Hartford Life Insurance Company (Hartford Life) under policy No. GLT 206835.[1]  However, Hartford Insurance rejected plaintiff's LTD claim on the grounds that at the date the policy became effective, to wit, April 1, 2002, plaintiff was not an active employee within the terms provided therein. In other words, the LTD policy required that for an employee be considered covered by the plan, it had to be an active employee the day before the LTD policy became effective. Since plaintiff's last day of work was March 26, 2002, plaintiff could not be considered an active employee thus, LTD coverage was ineffective because plaintiff never became insured. Likewise, Hartford Insurance rejected to provide coverage under the previous LTD policy for the same reasons, that is, plaintiff was not an active employee at the time Hartford Insurance LTD Plan became effective, a prerequisite also required under the policy terms.

---

[1]Hartford Life LTD's policy provides that Hartford has the exclusive discretionary right to interpret the terms and provisions of the LTD Plan.

On July 17, 2003, Hartford Insurance denied plaintiff's appeal.[2]

As a result of Hartford Insurance's denial to provide disability benefits, plaintiff filed a civil case before the local state courts, and defendants moved for Removal under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq*.  Once federal jurisdiction was acknowledged by the District Court, co-defendants moved for summary disposition alleging that plaintiff's denial of benefits was neither capricious nor arbitrary, and/or in the alternative, that co-defendant Sensormatic was not a proper party defendant to plaintiff's claims hence, the instant claim should be dismissed.  The Court notes that the motion for summary judgment was not opposed by plaintiffs within the term provided by Local Civil Rule 7.1(b) hence, it was deemed unopposed.

The Court referred co-defendant's motion for summary judgment to Magistrate Judge Justo Arenas for a Report and Recommendation (Docket No. 24).  On November 25, 2005, the Magistrate Judge issued its R & R recommending that co-defendants' motion for summary judgment should be granted in its entirety (Docket No. 25).  Similarly, plaintiff failed to timely file its objections therefore, the objections were deemed waived (Docket No. 26).

## SUMMARY JUDGMENT STANDARD OF REVIEW

The standard for summary judgment has been revisited by the First Circuit Court of Appeals on several occasions.  Serapion v. Martinez, 119 F.3d 982, 986 (1st Cir. 1997),( citing McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir.1995))(collecting cases); Coyne v. Taber Partners I, 53 F.3d 454, 457 (1st Cir. 1995)(same).  A court may grant summary judgment only  "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact.  Perez v. Volvo Car Corporation, 247 F.3d 303, 310 (1st Cir. 2001); Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000); Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 187 (1st Cir. 1997).

---

[2] The LTD Plan administrator did not deny the claim due to lack of funding but on the merits under the Plan due to lack of coverage.

A fact is "material" if it potentially could affect the suit's outcome. <u>Id</u>. An issue concerning such a fact is "genuine" if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor. <u>Id</u>. At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the nonmovant and indulges all reasonable inferences in that party's favor. Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." <u>See</u> <u>Cadle Company v. Hayes</u>, 116 F.3d 957, 959-60(1st Cir. 1997).

In applying the standard, the court must construe the record and all reasonable inferences from it in favor of the nonmovant (the party opposing the summary judgment motion). <u>Suarez v. Pueblo Int'l, Inc.</u>, 229 F.3d 49, 53 (1st Cir. 2000); <u>Cortes-Irizarry</u>, 111 F. 3d at 187; <u>see also</u> <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). An absence of evidence on a critical issue weighs against the party  –be it the movant or the nonmovant– who would bear the burden of proof on that issue at trial. <u>Perez</u>, 247 F. 3d at 310; <u>see also</u> <u>Torres Vargas v. Santiago Cummings</u>, 149 F.3d 29, 35-36 (1st Cir. 1998); <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 48 (1st Cir. 1990). Defendants must not only show that there is "no genuine issue of fact," but also that they are "entitled to judgment as a matter of law." <u>Vega v. Rodriguez Puerto Rico Telephone Co.</u>, 110 F.3d 174, 178 (1st Cir. 1997).

This Court's Local Civil Rule 56 requires, in relevant part, that a party opposing summary judgment is to submit a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record. *See* Local Civil Rules of the Court, U.S. Dist. Court for the District of P.R., R. 56. And the First Circuit Court has constantly reiterated, with reference to this particular rule, that "parties ignore [it] at their own peril," and that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted." <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000)(citing prior cases); <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001)("This case is a lesson in summary judgment practice").

Nonetheless, "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate**, shall be entered against the adverse party." F$_{ED}$. R. C$_{IV}$. 56(e) (emphasis added). The

First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against that party; therefore, a District Court is nonetheless "obliged to consider the motion on merits, in light of the record as constituted, in order to determine whether judgment would legally be appropriate." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991); see also Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991)(before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law); De la Vega v.San Juan Star, Inc., 377 F.3d 111, 116-117 (1st Cir. 2004)(standing for the proposition that summary judgment shall not be entered as a sanction for a party not having opposed to the mover's request).

The consequence of failing to oppose a motion for summary judgment "is that the party may lose the right to file an opposition." Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st Circuit 1991) (discussing unopposed motion for summary judgment). And a party that fails to oppose a motion for summary judgment, does so at its own risk and peril. See e.g. Herbert v. Wicklund, 744 F.2d 218, 223 (1st Cir. 1984)(plaintiffs that failed to file proper oppositions to the request for fees "proceeded at their own risk")' Corrada-Betances v. Sea-Land Services, Inc., 248 F.3d 40, 43 (1st Cir. 2001)("A party who opposes a properly substantiated motion for summary judgment but fails to muster counter-affidavits or other evidentiary materials does so at his peril").

## APPLICABLE LAW AND ANALYSIS

## 1) DENIAL OF BENEFITS UNDER THE LTD PLAN

As correctly pointed by the Magistrate Judge, denials of ERISA claims are reviewed under two different standards depending on whether the plan's administrator or fiduciary retains authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Should the administrator or fiduciary retain the authority to grant or deny such benefits, said determination shall be reviewed under the "arbitrary and capricious" standard of reviewed. Id.; Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998). To the contrary, should there be no delegation of authority, the determination shall be done under the *de novo* standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. at 115. However, it is the plan administrator's burden to establish that the "arbitrary and capricious" standard of review applies. Fay v. Oxford Health Plan, 287 F.3d 96, 104 (2nd Cir. 2002); Marquez-Massa v. Squibb

Manufacturing, Inc., 344 F.Supp.2d 315, 320 (D.P.R. 2004).  Therefore, the Court must examine the language of the terms and conditions of the LTD Plan to determine whether the administrator or fiduciary in fact retained the authority to determine the eligibility for benefits or to construe the terms of the plan.

The Magistrate Judge concluded that the language of the plan, in fact, provided the plan administrator said authority in a clear and express manner.  The Court agrees with the conclusion reached by the Magistrate Judge inasmuch the language of the plan provides that "[w]e [TYCO] have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy".   (See Docket No. 20, Statement of Uncontested Facts, Ex. A, Attachment 2, at 17.)  Evidently, the plain language provided within the terms of the LTD Plan reveals that the necessary authority to make eligibility determinations and to construe the terms of the plan was retained by TYCO hence, the Court must conduct its review under the "arbitrary and capricious" deferential standard of review.

It is known that the "arbitrary and capricious" standard of review "is functionally equivalent to the abuse of discretion standard".  Wright v. R.R. Donnelly & Sons Co. Group., 402 F.3d 67, 74n.3 (1st Cir. 2005).  Accordingly, "a fiduciary interpretation of a plan will not be disturbed if reasonable".  Terry v. Bayer Corp., 145 F.3d at 40.  In other words, under the "arbitrary and capricious" standard of review, the court does not substitute its judgment for that of the decision-maker.  Id.  Furthermore, under the "arbitrary and capricious" standard of review, the administrator's decision will not be disturbed if the denial of benefits is reasonable and is supported by substantial evidence placed on the record at the time the administrator made its determination.  Glista v. Unum Life Insurance Co. of America, 378 F.3d 113, 126 (1st Cir. 2004); Cook v. Liberty Life Assurance Co. of Boston, 320 F.3d 11, 19 (1st Cir. 2003)(quotations omitted).  Finally, substantial evidence has been defined as "[such evidence that] is reasonably sufficient to support a conclusion, and the existence of contrary evidence does not, in itself, make the administrator's decision arbitrary".  Gannon v. Metro Life Insurance Co., 360 F.3d 211, 213 (1st Cir. 2004).  In other words, "the reasonableness of the insurer's decision determines whether or not it constituted an abuse of the discretion vested in the insurer by the plan".   Dandurand v. Unum Life Insurance Co. of America, 284 F.3d 331, 335-336 (1st Cir. 2002)(citations omitted).  Consequently, the Court must examine the evidence the plan administrator had at hand in order to determine plaintiff's eligibility.

Defendants have provided copy of plaintiff's signed request for disability benefits evidencing that plaintiff's last day of work was March 26, 2002. (See Docket No. 20, Statement of Uncontested Facts, Ex. D, Attachment 5, P.2.)  **Furthermore, an examination of the grounds for denying plaintiff's benefit request, the Court notes that it was based on the grounds that plaintiff was not a covered employee under the policy terms at the time plaintiff's disability began.  (See Docket No. 20, Statement of Uncontested Facts, Ex. E, Attachment 5, P.2.)  In other words, plaintiff did not become disabled while insured under the LTD Plan.**  The LTD Plan was not in effect at the rime of the disabling event.

The LTD Plan Examiner concluded that plaintiff would be eligible under the terms of the plan until 1) the plan effective date, or 2) the date the eligibility waiting period is completed.  Since plaintiff terminated employment on March 26, 2002, and the plan effective date was April 1, 2002, plaintiff could not qualify at the time the plan became effective because he was not an active full-time employee working at least 30 hours per week.  The Examiner noted that plaintiff did not perform any other work-related activity for its employer after the effective date of the temporary lay-off.

Further, the Plan Examiner concluded that plaintiff could not become an eligible employee because he was precluded to enter into an eligible class and complete the eligibility period.  This conclusion was reached because to enter into an eligible class, the employee must be working at least 30 hours per week at the time the policy was put into effect.  Since the policy effective date was April 1, 2002, and plaintiff never returned to work after his lay-off, plaintiff could not become a member of the eligible class.

Finally, the Plan Examiner noticed that although in some cases disability coverage was continued from prior LTD plans, the terms and conditions of the Plan required that the employee be actively working on the day before the Plan Effective Date.  Since plaintiff's last day of work was March 26, 2002, Hartford LTD Plan did not continue coverage from the existing prior plan.

The Court deems that the evidence on the record shows plaintiff's actual termination date of employment and the specific language provided within the LTD Plan.[3]  Said documentation suffices

---

[3] As stated previously, plaintiff failed to oppose co-defendants' motion for summary judgment and also failed to object the Magistrate Judge's Report and Recommendation hence, there is no other evidence on the record evidencing that the Plan administrator's decision was not supported by substantial evidence, is erroneous on a

the requisites of substantial evidence since under the "arbitrary and capricious" standard of review, the administrator's decision will not be disturbed because the denial of benefits is reasonable, and the evidence is reasonably sufficient to support a conclusion.  Glista v. Unum Life Insurance Co. of America, 378 F.3d at 126; Cook v. Liberty Life Assurance Co. of Boston, 320 F.3d at 19.  Therefore, even in the presence of other evidence in contrary does not render the administrator's decision arbitrary.  Gannon v. Metro Life Insurance Co., 360 F.3d at 213.

As the Magistrate Judge correctly concluded the decision to deny coverage to plaintiff under TYCO's LTD Plan is grounded on substantial evidence placed on the record at the time the administrator made its determination.  Glista v. Unum Life Insurance Co. of America, 378 F.3d at 126.  Therefore, the LTD Plan administrator's decision will not be disturbed, the Magistrate Judge's recommendation to upheld such determination is **ADOPTED** and summary judgment as to this issue is **GRANTED**.

### 2) ERISA PREEMPTION

ERISA preempts state law with regards to employee benefits plans, federal case law controls with regards to contract interpretation.  Burnham v. Guardian Life Ins. Co. of America, 873 F.2d 486, 489 (1st Cir. 1989)[*citing* Pilot Life Ins. Co. v. Dedeaux, 481 U.S. (1987).  Notwithstanding, it is well known that state law principles have been incorporated by the First Circuit Court of Appeals in the process of developing the federal common law.  Rodríguez-Abreu v. The Chase Manhattan Bank, N.A., 986 F.2d 580, 585 (1 Cir. 1993)[*citing* Article 1233 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §3471].

Furthermore, pursuant to ERISA preemption, state law claims by benefit plan participants and beneficiaries may rarely be allowed.  Smith v. Dunham-Bush, Inc., 959 F.2d 6, 11 (2 Cir. 1992)(*citing Hansen v. Continental Ins. Co.*, 940 F.2d 971, 979 (5 Cir. 1991)).  Accordingly, actions against non-administrators and/or non-fiduciaries of an ERISA plan are, with narrow exceptions, allowed because the proper party defendant in an ERISA claim relating to determination of benefits is the party that controls the administration of the plan.  Terry v. Bayer Corporation, 145 F.3d at 35-36.

---

question of law, or was made in bad faith. Vlass v. Employees Disability Trust, 244 F.3d 27, 30 (1 Cir. 2001).
.

Since Sensormatic does not fund the LTD Plan, nor does it possess the discretionary authority to make ultimate benefit eligibility determinations or to interpret plan provisions, it is not a proper party defendant.  As recommended by the Magistrate Judge, all supplemental claims against Sensormatic should be dismissed because it is not a proper party defendant under the statute.  Further, and most critical under the summary judgment standard, the only evidence the Court had on the record was that the denial of the claim was for lack of coverage under the LTD Plan, and not for anything else including but not limited to, an alleged lack of funding by the employer.  Therefore, the Court **ADOPTS** the Magistrate Judge's recommendation and all supplemental claims against Sensormatic are hereby **DISMISSED**.

## CONCLUSIONS

For the reasons stated herein, the Court hereby **ADOPTS *in toto*** the Magistrate Judge's Report and Recommendation and hereby **GRANTS** co-defendants' *Motion for Summary Judgment* (Docket No. 19) and hereby **DISMISSES** plaintiff's claims against all co-defendants **WITH PREJUDICE**.  **Judgment** shall be entered accordingly.


**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 27th day of February 2006.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**